IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAROLD DOUGLAS BULLARD #225 596     Petitioner, | * * |
| v. | *   2:09-CV-183-TMH (WO) |
| J.C. GILES, *et al.*, | * |
|     Respondents. | * |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Harold Bullard on January 1, 2009. In this petition, Petitioner challenges the revocation of his probation on his 2005 conviction and sentence for first degree theft of property entered against him by the Circuit Court for Barbour County, Alabama. Petitioner entered a guilty plea to the theft charge on March 14, 2005. The trial court sentenced him to fifteen years imprisonment, split the sentence, suspended twelve years of the sentence and directed Petitioner to serve three years in custody and five years on probation.[1] On September 20, 2007 the trial court revoked Petitioner's probation on his first degree theft conviction, deleted the split sentence provision, and imposed the fifteen year term of imprisonment for which Petitioner received one year and 21 days of credit for time served. Petitioner did not appeal the revocation of his probation. By operation of law, the revocation of Petitioner's probation became final on November 1, 2007. (*Doc. No. 19, Exh. RX-1.*)

---

[1] The trial court also directed the sentence to run concurrently with a sentence Bullard received in the Lee County Circuit Court (Case No. CC-2002-67) and ordered the sentence to run concurrently from the day Petitioner pled guilty in Lee County. (*Doc. No. 19, Exh. RX-1.*)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because Petitioner's probation revocation became final in November 2007 -- **after** the effective date of the statute of limitations -- Petitioner must have filed his § 2254 petition within a year of the revocation becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents maintain that Petitioner failed to file a state post-conviction action challenging the revocation of his probation and, thus, there was no statutory tolling of the limitation period. Accordingly, Petitioner's probation revocation became final on November 1, 2007, and as no Rule 32 petition was filed which operated to toll the limitation period, Petitioner had until October 31, 2008 to file a timely habeas petition.[3] (*Doc. No. 19*.)

Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. §

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[3]Respondents also argue that this court is barred from reviewing Petitioner's claims because he failed to present them to the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001). A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claims where the petitioner is able to show that the court's failure to address his claims would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The "miscarriage of justice" exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496.

2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner entered a guilty plea to first degree theft of property on March 14, 2005. He was placed on probation on May 11, 2005. On September 20, 2007 the trial court revoked Petitioner's probation, deleted his split sentence, and directed that he be returned to prison on his fifteen year sentence. Petitioner did not file a direct appeal of his probation revocation. Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of the revocation of his probation. By operation of law, Petitioner's probation revocation became final on November 1, 2007 -- forty-two days after his probation was revoked as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date. Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" Petitioner failed to file a state post-conviction petition challenging the revocation of his parole. Consequently, the time allowed Petitioner for the filing of a federal habeas petition expired on October 31, 2008.

The instant application for federal habeas corpus relief was filed on January 1, 2009. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before **June 8, 2009** Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 18th day of May 2009.

        /s/ Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE