IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| HAROLD DOUGLAS BULLARD #225 596 | * |
| Petitioner, | * |
| v. | *   2:09-CV-183-TMH (WO) |
| J.C. GILES, *et al.*, | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Harold Bullard on January 1, 2009. In this petition, Petitioner challenges the revocation of his probation on his 2005 conviction and sentence for first degree theft of property entered against him by the Circuit Court for Barbour County, Alabama. Petitioner entered a guilty plea to the theft charge on March 14, 2005. The trial court sentenced him to fifteen years imprisonment, split the sentence, suspended twelve years of the sentence and directed Petitioner to serve three years in custody and five years on probation.[1] On September 20, 2007 the trial court revoked Petitioner's probation on his first degree theft conviction, deleted the split sentence provision, and imposed the fifteen year term of imprisonment for which Petitioner received one year and 21 days of credit for time served. Petitioner did not appeal the revocation of his probation. By operation of law, the revocation of Petitioner's probation became final on November 1, 2007. (*Doc. No. 19, Exh. RX-1.*)

---

[1] The trial court also directed the sentence to run concurrently with a sentence Bullard received in the Lee County Circuit Court (Case No. CC-2002-67) and ordered the sentence to run concurrently from the day Petitioner pled guilty in Lee County. (*Doc. No. 19, Exh. RX-1.*)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]   Respondents contend that because Petitioner's probation revocation became final in November 2007 -- **after** the effective date of the statute of limitations -- Petitioner must have filed his § 2254 petition within a year of the revocation becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents maintain that Petitioner failed to file a state post-conviction action challenging the revocation of his probation and, thus, there was no statutory tolling of the limitation period.  Accordingly, Petitioner's probation revocation became final on November 1, 2007, and as no Rule 32 petition was filed which operated to toll the limitation period, Petitioner had until October 31, 2008 to file

---

Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.  28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

a timely habeas petition.[3] (*Doc. No. 19*.)

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 21*.) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id*.) Petitioner filed no response. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

**I. DISCUSSION**

*A. Statute of Limitations*

Under 28 U.S.C. § 2244(d), the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner entered a guilty plea to first degree theft of property on March 14, 2005. He was placed on probation on May 11,

---

Respondents also argue that this court is barred from reviewing Petitioner's claims because he failed to present them to the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001). A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claims where the petitioner is able to show that the court's failure to address his claims would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The "miscarriage of justice" exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496.

2005. On September 20, 2007 the trial court revoked Petitioner's probation, deleted his split sentence, and directed that he be returned to prison on his fifteen year sentence. Petitioner did not file a direct appeal of his probation revocation. Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of the revocation of his probation. By operation of law, Petitioner's probation revocation became final on November 1, 2007 -- forty-two days after his probation was revoked as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

    *I. Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Petitioner, however, did not file a state post-conviction petition challenging the revocation of his parole. Consequently, the time allowed Petitioner for the filing of a federal habeas petition expired on October 31, 2008.

    *ii. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y

*for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

On May 18, 2009 the court granted Petitioner twenty-one days to show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed no response to the May 18 order. Consequently, the undersigned finds no basis upon which to extend the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271 (tolling is appropriate where "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist).

## II.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Harold Bullard be DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 30, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 17th day of March 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE